IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TALMON HEGWOOD (#2017-0620227), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17-cv-00128 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| NNEKA JONES TAPIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff's motions for leave to proceed *in forma pauperis* [3], [17], and [25] are granted. The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $1.00 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee and to continue making monthly deductions in accordance with this Order. The Clerk is directed to send a copy of this Order electronically to the trust account supervisor at the Cook County Jail. However, summonses shall not issue at this time. Plaintiff's requests for attorney representation [4], [7], [23], [27], [28], and [30] are granted. The Court recruits Jeffrey Grant Brown of the firm Jeffrey Grant Brown, P.C., 221 North LaSalle Street, Suite 1414, Chicago, IL 60601, jeff@jgbrownlaw.com to represent Plaintiff in this matter. Counsel shall file an appearance by 10/5/2017 and at the scheduled status hearing be prepared to report to the Court whether he is able to file an amended complaint limited to a single, core claim, consistent with this Order. Status hearing set for 10/26/2017 at 9:00 AM.

**STATEMENT**

Plaintiff Talmon Hegwood, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Hegwood claims that Defendants, who are correctional officials and health care providers employed by the Illinois Department of Corrections ("IDOC") or the Cook County Jail, have violated his constitutional rights by exposing him to unsafe conditions of confinement, acting with deliberate indifference to his serious medical needs, miscalculating his release date, subjecting him to inhumane conditions of confinement, retaliating against him for being a "whistleblower," interfering with his access to the courts, and failing to protect him attacks by fellow detainees.

The Court would be justified in summarily dismissing this case on preliminary review for "fraud." The Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a Court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). At least twice, judges of this District have advised Hegwood that he has

"struck out" under 28 U.S.C. § 1915(g) and thus is ineligible for *in forma pauperis* status in the absence of imminent danger of physical injury. *See, e.g., Hegwood v. Mills*, Case No. 07-cv-07099 (N.D. Ill.), Minute Order of April 21, 2008 (Coar, J.); *Hegwood v. Chandler*, Case No. 13-cv-50031 (N.D. Ill.), Minute Order of February 13, 2013 (Kapala, J.) (denying *in forma pauperis* application and dismissing case in view of Hegwood's failure to advise the Court that he had accumulated three prior strikes).

Nonethless, Hegwood once again has sought leave to proceed *in forma pauperis*, and without disclosing his § 1915(g) status to the Court. "A litigant who knows that he has accumulated three or more frivolous suits or appeals must alert the court to that fact." *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (citing *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999)). Failure to do so may result in dismissal of the lawsuit or appeal both for nonpayment and as a sanction for misconduct. *See Ammons*, 547 F.3d at 725 (citing *Campbell v. Clarke*, 481 F.3d 967, 969 (7th Cir. 2007) ("Plaintiffs who attempt to deceive federal judges, and evade their obligation to pay all required fees and costs, cannot expect favorable treatment . . . ."); *see also Sloan*, 181 F.3d at 859 ("fraud" on the Court must "lead to immediate termination of the suit"). By filing suit and applying for *in forma pauperis* status without disclosing his § 1915(g) status, Hegwood has effectively committed a "fraud" on the Court.

Nevertheless, the Court is sufficiently concerned about Hegwood's allegations relating to the alleged denial of care and treatment for his Hepatitis C to grant his motion for leave to proceed *in forma pauperis* under the "imminent danger" exception to § 1915(g). *See, e.g., Roe v. Elyea*, 631 F.3d 843, 862 (7th Cir. 2011) (holding that jury was entitled to conclude that inmate's HCV infection and resultant physical condition were sufficiently grave to qualify as a "serious" medical need for purposes of Eighth Amendment analysis). The Court notes that Hegwood has been released and re-incarcerated since initiating suit. He should therefore submit an amended complaint relating to his medical care only if the quality of the treatment he is receiving for his Hepatitis C is an ongoing concern.

Pursuant to 28 U.S.C. § 1915(b)(1), Hegwood is assessed an initial partial filing fee of $1.00. The trust fund officer at Hegwood's place of incarceration is directed to collect, when funds exist, the partial filing fee from his trust fund account and to pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Hegwood's trust fund officer is authorized and ordered to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Hegwood's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Hegwood's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of Hegwood's transfer to another correctional facility.

The Court once again reminds Hegwood that: (a) he has struck out under 28 U.S.C. §§ 1915(g), (b) he must disclose his § 1915(g) status in any future lawsuits or appeals, and (c) barring a situation involving imminent danger of physical serious injury, he cannot seek leave to proceed *in forma pauperis* but rather must accompany any new lawsuit or appeal with the full statutory filing fee.

Hegwood must submit an amended complaint, as the document on file contains misjoined claims and Defendants. As discussed in *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007),

> [t]he controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George*, 507 F.3d at 607; *see also Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot."). In his complaint, Hegwood outlines multiple, distinct claims, some of which appear to be against IDOC officials and some of which relate to his current treatment and conditions of confinement at the Cook County Jail. Hegwood may pursue only his claim that arguably involves imminent danger of serious physical injury—that is, that Cook County officials and health care providers are acting with deliberate indifference to his serious medical condition, namely, Hepatitis C. Any other claims that Hegwood may wish to prosecute must be brought in separate lawsuits.

In short, the Court grants Hegwood's motions for leave to proceed *in forma pauperis* under the imminent danger exception despite his non-disclosure of his § 1915(g) status. However, in order to proceed, Hegwood must submit an amended complaint limited to his claim concerning care and treatment for his Hepatitis C at the Cook County Jail. Hegwood will have the assistance of counsel in doing so, as his multiple motions for attorney representation are granted in light of the potentially serious medical concerns implicated by Hegwood's allegations. *See Miller v. Campanella*, 794 F.3d 878, 880 (7th Cir. 2015) (observing that "where an inmate alleges an objectively serious medical condition, it may be better to appoint counsel—so that he or she can investigate and flesh out any claim that may exist").

Date: September 14, 2017

_____
Andrea R. Wood
United States District Court