

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

APR 02 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

TALMON HEGWOOD, JR.,
Plaintiff,

-versus-

MEIJER, INC. and CASEY STEFANO
Defendants.

No. 1:17-cv-02887
No. 1:17-cv-0128
Honorable GARY FEINERMAN, J
Honorable ANDREA R. WOOD, J

## MOTION FOR A CONSOLIDATION ORDER

NOW INTO THIS HONORABLE COURT comes TALMON HEGWOOD, JR., (Hegwood) proceeding in propria persona and respectfully moves the Court for an ORDER Consolidating the two causes of action captioned above. This motion is being made pursuant to the applicable provisions of the Federal Rules of Civil Procedure (Fed.R.Civ.P). Fed. R.Civ.P 42(a)(2). The grounds for this motion are as follows:

### I

This pro se plaintiff was arrested in the clear absence of probable cause[i] and he was assauted and choked by defendant CASEY STEFANO (STEFANO) a police officer for the City of Berwyn on December 2, 2018. The plaintiff Hegwood was charged with an alleged shoplifting that is asserted by Meijer, Inc., (Meijer) defendant herein in Court document to have occurred on August 11, 2015, December 16, 2016 and / or September 1, 2016. Realizing the Court is exceedingly busy this

---

i. See Holmes v. Vill. of Hoffman Estates, 511 F.3d 673 (7th Cir. 2007); Garcia v. City of Chicago, 2012 U.S. Dist. LEXIS 22708 (Feinerman),(U); Powell v. City of Berwyn, 68 F. Supp. 3d 929 (N.D.Ill. 2014); Manuel v. City of Joliet, 137 S.Ct. 911 (U.S. 2017) . . .

pro se plaintiff adopts the Court's MEMORANDUM OPINION AND ORDER (Doc.# 50) here verbatim as opposed to elaborating the factual contentions and issues involved in the cause. styled and numbered Hegwood v. Meijer, Inc., et al. No. 1:17-cv-02887.

## II

On January 9, 2017. Hegwood filed in the office of the Clerk of Court a form complaint, in forma pauperis affidavit and motion for appointment of counsel. The cause was assigned to United States District Court Judge, Honorable Andrea R. Wood (Wood). The factual issues have yet to be addressed; although Judge Wood did enter an ORDER which granted Hegwood leave to proceed as a poor person in forma pauperis. The Court also recruited Mr. Tarek Ismail, and (Allyson), Mrs. Allyson Julien Esq to provide Hegwood with legal representation. In the cause Hegwood v. Nneka Jones-Tapia, et al. No. 1:17-cv-0128. Hegwood, of course, certainly appreciate the Court's initiative and the assistance rendered by recruited counsel and less there be any misperception Hegwood and both Attorneys mentioned hereinabove has and shall continue to maintain a productive and constructive Attorney-client relationship. In point of fact, however, the case and its current status fuel the truth to the old addage: "The Law Travel On leaden feet." The Court's ORER in No. 1:17-cv-0128 (Doc.# 33) indicated[ii] that it concluded that Hegwood was in "imminent danger" as a result of being denied treatment for his Hepatitis C Virus (HCV) which he

ii. In his complaint, Hegwood v. Jones-Tapia, et al, the Honorable Judge Wood recognized that Hegwood (sic)" claims that defendants who are correctional officials and health care providers employed by the Illinois Department of Corrections ("IDOC")" and "...the Cook County Jail, have violated his constitutional rights by exposing him to unsafe conditions of confinement, acting with deliberate indifference to his serious medical needs, miscalculating his release date, subjecting him to to inhumane conditions of confinement, retaliating against him for being a "whistle blower," interfering with his access to the courts and failing to protect him..."

contracted after being forced to accept a prison program job assignment while confined in an IDOC penal facility. IDOC records will reveal Heywood was the TRASH COMPACTOR OPERATOR at Shawnee Correctional Center. IDOC officials were and no doubt still are engaged in illegal dumping of human waste and have also illegally dumped hazmat or hazardous materials. Judge Wood was correct. Heywood was and still is in imminent danger as an inescapable result of Cook County Department of Corrections (CCDOC) continuing with an unconstitutional protocol styled "POLICY" copy of which is annexed hereto, incorporated herein and made a part hereof as Exhibit A. Not only were American citizens in the Southern Illinois community near the Hardin County work camp effected, some fatally, but because of the intentional failure to afford IDOC and CCDOC inmates minimally adequate treatment after discovering they were positive for HCV; more than eighty five (85) former CCDOC detainees were allowed to die as opposed to providing treatment for. A listing of the numerous men and women who expired because of the denial of adequate medical treatment are named in a document styled "DECEASED INMATES" prepared by the learned renowned Attorney, Honorable It. Kent Heller and his staff at Heller Holmes + Associates, P. C. The deceased inmates list is annexed hereto and made a part hereof as Exhibit B. The decedents are begging the Courts for justice and hopefully the Court will declare that CCDOC's "POLICY" as described in Exhibit A is unconstitutional. Decedents beg through the pen and the voice of Heywood. The law was clearly established that Heywood and decedents had a right to treatment for HCV. See Roe v Elyea, 631 F.3d 843 (7th Cir. 2011). Roe stand for the proposition that when IDOC and CCDOC become aware of an inmate, or detainee has HCV they have an obligation to afford him/her adequate treatment. See,

Robinson v. California, 370 U.S. 660 (1962); Estelle v. Gamble, 429 U.S. 97 (1976); Farmer v. Brennan, 511 (U.S. 1994, 511 U.S. 825 (1994) and Ziglar v. Abassi, 137 S.Ct. 1843 (2017). Intentionally delaying treatment for a potentially fatal disease and falsifying Hegwood's medical records is no less than deliberate indifference and criminal recklessness. Because CCDOC knows of but have failed to afford Hegwood treatment for his HCV which is "serious" CCDOC Policy-makers are liable to Hegwood for damages. See Miller v. Campanella, 794 F.3d 878 (7th Cir. 2015); Johnson v. Wright, 412 F.3d 398 (2nd Cir 2005) (HCV); McDonald v. Hardy, 821 F.3d 882 (7th Cir. 2016). But see, Chimenti v. Pa. Dept. of Corrections, 2017 U.S. Dist. LEXIS 124892 (HCV Protocol) (Treatment with DAADs for 8-12 weeks cures more than 90% of patients and has become the standard of care in the community for HCV) Chimenti, Id at pg. 6. See also, Roberts v. Wilson, 2017 U.S. Dist. LEXIS 159873.

## III

Fed. R. Civ. P. 42(a)(2) comes into play in the case at bar particularly in light of the fact the two civil rights causes brought by Hegwood involve the same issues, for the most part, and defendant Stefano is named in both causes. Discovery is nearly the same and there is only one plaintiff. No plaintiff should have two different Federal District Court Judges rendering judicial decisions concerning nearly the same issues, the same plaintiff, one of if not more, of the same defendants at the same time; and, the Rules clearly allow Federal District Court Judges to consolidate actions[iii] that involve a common question of law or fact"[i]; Blair v Equifax Check Servs., Inc., 181 F.3d 832, 839 (7th Cir. 1999). Consolidating Hegwood v. Meijer, Inc., and Casey Stefano

[iii]. See Burnett v. Owen Loan Servicing LLC, 2017 U.S. Dist. LEXIS 183827 (N.D. Ill. 2017).

No. 1:17-cv-02887 with Hegwood v. Stefano, Jones-Tapia, et al., No. 1:17-cv-0128 is by far the best means of avoiding wasteful overlap when related suits are pending in the United States District Court for the Northern District of Illinois. Judge Gary Feinerman is exceedingly preoccupied in the interludes of Court business no doubt has a very heavy schedule. In point of fact, however, the transcript of the first hearing in our cause where the attorneys for both Meijer, Inc and Stefano, and Hegwood appeared in person shall reveal; that Hegwood advised the Court and put defendants on notice that he intended to bring a motion to consolidate the two cases.[iv] Judge Feinerman advised Meijer and Stefano's attorney that Stefano had been named in Hegwood's action pending before the Honorable Judge Wood and that his Honor would confer with her Honor. Suffice to say no party will be prejudice by an order consolidating the two causes of action and having Federal Magistrate, Honorable Daniel G. Martin continue supervise discovery and mayhaps adjudicate the controversy.

Respectfully submitted,

Talmon Hegwood, Jr. pro se
#20170620227 DIV 4-2-L
Post Office Box 089002
Chicago, IL 60608

SUBSCRIBED AND ~~SWORN~~ Affirmed TO before me, this the 19th day of March 2018.

Carmella K. Richardson
NOTARY PUBLIC

OFFICIAL SEAL
CARMELLA K. RICHARDSON
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Aug 5, 2018

iv. General Counsel for defendants, the Cook County Sheriff and CEO for the CCDOC also appeared before the United States Magistrate Judge in connection with Hegwood v. Meijer, Inc., et al. which provides proof positive that all parties stand on an equal footing.

5 of 6

## AFFIDAVIT OF SERVICE

Before me, the undersigned authority, did personally affiant, TALMON HEGWOOD, JR., known unto me, who upon his oath, after being duly sworn did depose and state:

I HEREBY CERTIFY that I have served a true and correct copy of

### MOTION FOR A CONSOLIDATION ORDER on

Mr. Joseph C. Sheahan, Esq.
Cunningham Meyer + Vedrine
Attorneys-At-Law
One East Wacker Drive
Chicago, IL 60601

Mr. Michael Durkin, Esq.
Storino Romello + Durkin
Attorneys-At-Law
9501 West Devon Suite 800
Rosemont, IL 60018

Mr. Nicholas Scouffas, Esq.
General Counsel
Sheriff of Cook County
50 West Washington Street
Chicago, IL 60602

Mrs. Laura Logan, Esq.
Commentator
CBS 60 Minutes
124 West 57th Street
New York, NY 10019

Honorable John R. Lausch, Jr.
United States Attorney
U.S. Department of Justice
219 South Dearborn Street
Chicago, IL 60604

Honorable Jeff Sessions
Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530

President Donald Trump
C/o Honorable Randolph Tex Alles
Director U.S. Secret Service
White House
Washington, D.C. 20500

Mr. Edwin Eisendrath, Esq.
CEO
Chicago, IL Chicago Sun Times
350 North Orleans Street
Chicago, IL 60654

by placing same in sealed envelopes, properly addressed, first class postage prepaid and posting same with the U.S. Postal Service on or before March 20, 2018.

I declare under the penalty of perjury the above is true and correct

*Talmon Hegwood, Jr.*
Talmon Hegwood, Jr.

SUBSCRIBED AND AFFIRMED
before me, this the 19th day of March 2018,

*Carmella K. Richardson*
NOTARY PUBLIC

OFFICIAL SEAL
CARMELLA K. RICHARDSON
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Aug 5, 2018

6 of 6

| Cermak Health Services of Cook County Policy G-02.7, Hepatitis C | |
|---|---|
| Lead Department: Medicine | Effective Date: 8/1/2010 |
| Participating Departments: A C D I L M N Q | Due Date for Review: 7/31/2011 |

## POLICY

Cermak Health Services will test for hepatitis C virus (HCV) infection in patients with chronic liver disease, patients with HIV infection or chronic hepatitis B infection, patients on hemodialysis, and persons who request the test. Cermak will evaluate patients with known hepatitis C. In making treatment decisions, Cermak will take into account the length of stay in jail, which is typically both unpredictable and short in comparison with the time needed for evaluation and treatment. Cermak will counsel patients with known HCV regarding reducing risk of transmission and will assist in discharge planning.

## PROCEDURE

*The clinician should, in general:*

1. Test the patient for hepatitis C infection in any of these situations, if prior testing has not been done:
   - Symptoms or signs of chronic liver disease
   - Repeatedly elevated liver enzymes over a period of at least 6 months
   - HIV infection or chronic hepatitis B infection
   - Hemodialysis
   - Patient request
   - Sexual assault while incarcerated – see Cermak Policy B-05

2. Proceed as follows in a patient with confirmed hepatitis C infection:
   - Enter the diagnosis on the problem list (ICD-9 code 070.54);
   - Perform and document a focused history and physical exam;
   - Test CBC, albumin, bilirubin, INR, HIV, hepatitis B antigen, and serial transaminases;
   - Consider hepatic imaging;
   - Recommend hepatitis A and B immunization, if not already given
   - Counsel the patient to:
     - Abstain from all alcoholic beverages and illicit drugs;
     - Avoid sharing razors, toothbrushes, or drug paraphernalia;
     - Practice safe sex;
   - Offer drug counseling, if clinically appropriate;
   - Provide a list of sites for follow-up in the event that the patient is discharged

3. Consult with a specialist in infectious disease and/or gastroenterology in any of the following situations:
   - The patient in the midst of hepatitis C treatment or post-treatment surveillance when incarcerated;
   - The patient has hepatitis C and fulfills published national guidelines as a person for whom therapy would be widely accepted (American Association for the Study of Liver Diseases, as endorsed by the Infectious Disease Society of America: www.aasld.org/practiceguidelines) AND the patient:
     - Has been abstinent from alcohol and illicit drug use for at least 6 months and states a commitment to remain abstinent throughout entire period of treatment and post-treatment surveillance; AND
     - Has an anticipated jail stay of 12 months or more; AND
     - Is willing to consider antiviral treatment.
   - The patient has hepatitis C and is also suspected to have a coexisting treatable cause of chronic liver disease.

## SELF-MONITORING OF COMPLIANCE INDICATORS

See Cermak Policy G-02

SAO BOBBITT 001084
MOTION FOR CONSOLIDATION Exhibit A

**Cermak Health Services of Cook County**
**Policy G-02.7, Hepatitis C**

## CROSS-REFERENCES

| | |
|---|---|
| NCCHC Standards addressed by this policy | G-01, G-02 |
| Pertinent ACA Standards | 4-ALDF-4C-19 |
| Cermak policy number in last revision | 19-B-01-27; 01-08G-25 |
| Revision dates of all previous versions | 1/2006 |
| Date of last review, if later than last revision | n/a |
| Other related Cermak policies | G-01, G-02 |
| Pertinent system-wide CCHHS policies | n/a |
| Pertinent custody directives | n/a |

SAO BOBBITT 001085

---

**Cermak Health Services of Cook County**
**Policy G-02.7, Hepatitis C**

---

| Participating Department<br>* Lead department for this policy | | Signature | Date | Review:<br>Initials, Date | Review:<br>Initials, Date |
|---|---|---|---|---|---|
| A | Chief Operating Officer* | *M Pearson DO* | 6/5/10 | | |
| A | Chief Medical Officer* | | | | |
| C | Corrections | | | | |
| D | Dental | | | | |
| I | Infection Control | | | | |
| L | Laboratory | | | | |
| M | Medical | | | | |
| N | Patient Care Services | | | | |
| Q | Quality Improvement | | | | |

Page 3 of 3

SAO BOBBITT  001086



**COOK COUNTY HEALTH & HOSPITALS SYSTEM**
**CCHHS**

| | | |
|---|---|---|
| | Category: **Cermak Health Services** | |
| Subject: **Special Needs and Services** | Page 1 of 3 | Policy #: G-02.7 |
| Title: **HEPATITIS C** | Approval Date: 2/6/2015 | Posting Date: 2/27/2015 |

## POLICY

Cermak Health Services will consider testing for hepatitis C virus (HCV) infection when clinically indicated. In making treatment decisions, Cermak will take into account the length of stay in jail, which is typically both unpredictable and short in comparison with the time needed for evaluation and treatment. Cermak will counsel patients with known HCV regarding reducing risk of transmission and will assist in discharge planning.

## PROCEDURE

*The clinician should, in general:*

1. Test the patient for hepatitis C infection in any of these situations, if prior testing has not been done:
   - Symptoms or signs of chronic liver disease
   - Repeatedly elevated liver enzymes over a period of at least 6 months
   - HIV infection or chronic hepatitis B infection
   - Hemodialysis
   - Sexual assault while incarcerated – see Cermak Policy B-05
2. Proceed as follows prior to referral to specialist in a patient with suspected or with confirmed hepatitis C infection:
   - Perform and document a focused history and physical exam;
   - Order appropriate testing;
   - Recommend hepatitis A and B immunization, if not serologically immune
   - Counsel the patient on self-harm reduction practices;
3. Consult with a specialist in infectious disease in any of the following situations:
   - The patient is in the midst of hepatitis C treatment or post-treatment surveillance when incarcerated;
   - The patient has hepatitis C and fulfills CCHHS practices about qualifications for treatment.

## SELF-MONITORING OF COMPLIANCE INDICATORS

See Cermak Policy G-02

SAO BOBBITT 001087

MOTION FOR CONSOLIDATION Exhibit A

| Title: | Page | Policy # |
|--------|------|----------|
| HEPATITIS C | 2 of 3 | G-02.7 |

**CROSS REFERENCES**

| | |
|---|---|
| NCCHC Standards addressed by this policy | G-01, G-02 |
| Pertinent ACA Standards | 4-ALDF-4C-19 |
| Cermak policy number in last revision | 19-B-01-27; 01-08G-25 |
| Revision dates of all previous versions | 1/2006 |
| Date of last review, if later than last revision | n/a |
| Other related Cermak policies | G-01, G-02 |
| Pertinent system-wide CCHHS policies | n/a |
| Pertinent custody directives | n/a |

SAO BOBBITT 001088

| Title: HEPATITIS C | Page 3 of 3 | Policy # G-02.7 |
|---|---|---|

**POLICY LEAD**                    Infection Control

**REVIEWER(S)**                Chair of Correctional Health

**APPROVAL PARTY(IES)**

Site Administrator

Chair of Correctional Health

**POLICY HISTORY**
Written: 8/1/2010
Revised 2/6/2015

SAO BOBBITT  001089

BRENT D. HOLMES
H. KENT HELLER
FRED JOHNSON
HEATH UPPENCAMP*
JENNIFER A. KOEBELE
CONRAD M. SCULLY

HARLAN HELLER
RETIRED

LAW OFFICES OF
## HELLER, HOLMES & ASSOCIATES, P.C.
A PROFESSIONAL CORPORATION
1101 BROADWAY
P.O. BOX 889
MATTOON, ILLINOIS 61938-0889
(217) 235-2700
FAX NO. (217) 235-0743



January 3, 2018

## LEGAL MAIL

Mr. Talmon Hegwood #20170620227
Cook County Jail
P.O. Box 089002
Chicago, IL 60608

      Re:    Deceased Plaintiffs
              Our File No. 17774

Dear Mr. Hegwood:

      Enclosed is a list of the Plaintiffs in our cases that we know of that have passed.

                     Very truly yours,

                     H. Kent Heller

HKH/kjs
Enc.
hegwood 17774 1.3.18 letter to client

*Also Licensed in Indiana    MOTION FOR CONSOLIDATION Exhibit B

## DECEASED INMATES

1.  Luis Reyes #16304 - **Dismissed from case on 1/10/11**
2.  Lawrence Napue #16145 - **Dismissed from case on 9/18/12**
3.  James Evenson #16530 - **Dismissed from case on 9/18/12**
4.  Gaylord Richardson #16930
5.  John Silva #16861
6.  Brian Lee Wilson #16189 - **Dismissed from case on 11/27/12**
7.  Johnny Massey #16979 - **Dismissed from case on 9/18/12**
8.  Daniel Wead #16514 - **Dismissed from case on 9/18/12**
9.  Kevin Dean #16162
10. Dennis Wilson #16370
11. James Hart #16330 - **Dismissed from case on 11/27/12**
12. David Julian #17112
13. Douglas Roper #16129
14. Terry Cocroft #16827
15. Darnell Palacio #17546
16. Sturgis Jones #16030
17. Willie Moses Adkins #16438 - **Dismissed from case on 9/18/12**
18. Harold Higgens #16024
19. Travis Armstrong #17730
20. Leland R. Gold #18014
21. Thomas Pagnano #16520
22. Guadalupe Lopez #16371
23. Robert Thomas #16547 - **Dismissed from case on 9/18/12**
24. Bernard Quinten Smith #16176
25. Jesus Miranda #16414
26. Cleveland Seamon #16972
27. Grayland Johnson #17893
28. William Hutchinson #17769
29. Stacy Stevens #16813
30. Serafin Flores #16006
31. Richard Herman #16676
32. Nicholas Heiman #16410
33. Daniel Duane #16714
34. Claxton H. Williams #16387
35. Dennis Glick #16540
36. Leland Harland #18665
37. Ronald Granger #17390
38. William Stellwagen #16856
39. William Mazurek ##16910
40. Christopher James #18813
41. Charles Corley #17833
42. Dabney Tatum #17351
43. Robert Gibson #18510

B(2)

44. Burdette Olsen #16545
45. Bret Baker #17758
46. Carl Tatman #17965
47. John Waldron #18628
48. Robert Richko #17659
49. Kenneth Shaffer #18438
50. Phillip Day #16607
51. Alphonso Paul de la Paz #17242
52. Russell Tobias #19047
53. Steven Gold #18479
54. Herbert Zackery #16460
55. Stephen Dryden #19869
56. Sidney Portis #19445
57. Dennis Rossato #18185
58. Frank Volkmar #16817
59. Bruce Reed #19950
60. Randy Hill #20298
61. Lance Manning #17316
62. Gilberto Vera #16511
63. Michael Bayles #18508
64. Alex Gamino #18618
65. Neil Skowron #18323
66. Marcello Cruz #17105
67. Lamont Thomas #17146
68. Steven Leclaire #19581
69. Randolph A. Mullen #19813
70. Kevin Dickens #20153
71. Aimee Fisher #19452
72. Jesse A. Rosales #20669
73. Andre Crawford #19144
74. Robert Porter #19989
75. John R. Moore #18696
76. Matthew S. Widel-Keller #21245
77. Michael Wilkins #18621
78. Joseph Cholico #19465
79. Donald Bowman #20170
80. Johnnie Higgins #19947
81. Larry Landis #19361
82. Henry Johnson #18549
83. David Treece #18459
84. Larry Jordan #17210
85. George Douglas #17125
86. Darryl Wooding #16555

B(2)

Talmon Hequood Sr.
#20170620227 D-6-1-R
Post Office Box 089002
Chicago, IL 60608

RECEIVED
K
2018 APR - 2 AM 9:31

04/02/2018-31














Honorable Daniel G. Martin c/o
Honorable Thomas G. Bruton
Clerk
United States District Court
219 South Dearborn Street
Chicago, IL 60604