

EK

RECEIVED
5/28/2019
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**RECEIVED**

APR 2 2 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

TALMON HEGWOOD, JR.

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Case No: 1:17-cv-0128 WOOD, J. _____
(To be supplied by the Clerk of this Court)

NNEKA JONES TAPIA (Executive
Director CCDOC) TONI PRECKWINKLE
(Cook County Board President) TOM
DART (Sheriff of Cook County),
CHAD J. ZAWITZ (Clinical Coordina-
tor and Chain of Disease Infection
Control) CHRISTOPHER STADNICKI
(Physician Assistant) BARBARA DAVIS
(Physician Assistant) DIANE RODRIGUEZ
(Physician Assistant) J.M. Nola, C.
MINELLA, JOHN DOE, JANE DOE

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

**CHECK ONE ONLY:**          <u>**AMENDED COMPLAINT**</u>

_____ ✓          **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
          **U.S. Code** (state, county, or municipal defendants)

_____          **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
          **28 SECTION 1331 U.S. Code** (federal defendants)

_____          **OTHER** (cite statute, if known)

***BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR***
***FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.***

## I. Plaintiff(s):

A. Name: Talman Hequood, Jr.

B. List all aliases: _____

C. Prisoner identification number: 20180711101 D-6-2-H-L-1

D. Place of present confinement: Cook County Department of Corrections

E. Address: P.O. Box 089002, Chicago, IL 60608

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

## II. Defendant(s):

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A. Defendant: Nneka Jones-Tapia

Title: former Executive Director Cook County Dept of Corrections

Place of Employment: Cook County Dept of Corrections

B. Defendant: Honorable Toni Preckwinkle

Title: President Board of Commissioners Cook County, Illinois

Place of Employment: Chicago, IL

C. Defendant: Honorable Thomas Dart

Title: Sheriff for Cook County, Illinois

Place of Employment: Cook County, Illinois

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

**I.**    **Plaintiff(s):**

   A.    Name: Talmon Heywood, Jr.

   B.    List all aliases: Telmon Haywood, Jr. and numerous misspellings

   C.    Prisoner identification number: 20180711101

   D.    Place of present confinement: Cook County Dept. of Corrections

   E.    Address: P.O. Box 089002 Chicago, IL 60608

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

**II.**    **Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

   A.    Defendant: Dr. Chad Jerremy Zawitz, MD

        Title: Medical Doctor

        Place of Employment: Cermak Hospital

   B.    Defendant: Christopher Stadnicki

        Title: Physician Assistant

        Place of Employment: Cermak Hospital

   C.    Defendant: Barbara Davis

        Title: Cermak Hospital Physicial Assistant

        Place of Employment: Cook County Department of Corrections

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

THE PLAINTIFF HAS THREE ~~STRIKES~~

**III.** **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: Hegwood v. City of Berwyn, etd.
No. 1:17-CV-02887

B. Approximate date of filing lawsuit: March 1, 2017

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _____
Talmon Hegwood, Jr.

D. List all defendants: Meijer, Inc, Casey Stefano

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): U.S. District Court Northern Dist of Illinois

F. Name of judge to whom case was assigned: _____
Honorable Gary Feinerman

G. Basic claim made: Malicious Prosecution, Excessive Force
Intentional Infliction of Emotional Distress,
Brady Violation Illegal Search + Seizure, Conspiracy

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Pending

I. Approximate date of disposition: _____

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

**III.** **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: Heywood v. Mills, et al O7 CV 7099

B. Approximate date of filing lawsuit: 06- June 2007

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: Do not recall other that Heywood. Case may have been a Petition under 28 U.S.C. 2241

D. List all defendants:

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): U.S. District Cart (N.D. Ill)

F. Name of judge to whom case was assigned:

G. Basic claim made: Prolonged Confinement

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Dismissed and Appealed

I. Approximate date of disposition: Appeal Affirmed

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

II.     A. Name of case and docket number: Hegwood v. Shephard, ETAL No. 1987 U.S. Dist. LEXIS 7858 U.S. Dist (N.D. Ill. 1987)

B Approximate date of filing lawsuit June 1987

C. List all plaintiffs: Talmon Hegwood, Jr.

D. List all defendants: Vaughn Shephard, Richard Downs. L. Gottman

E. U.S. District Court (N.D. Ill. 1987)

F. Name of Judge to whom case was assigned: Honorable Milton I. Shadur

G. Basic claim: Excessive force:

H Disposition: Settled with Shepard / dismissed as to other defendants.

I. Approximate Date of disposition 1989

III.     A. Name of case and docket number: Hegwood v. Rodgers, ETAL

B. Approximate Date of filing lawsuit June, 1996

C. List all plaintiffs: Talmon Hegwood, Jr.

D. List all defendants: Larry Rodges, Page True, MCC Chicago

E. Court in which lawsuit was filed (U.S. Dist N.D. Ill) 1996 LEXIS 14477

F. Name of judge to whom case was assigned Honorable Wayne R. Anderson

G. Basic claim made prolonged detention, cruel and unusual punishment

H. Disposition of case: dismissed

I Approximate date of disposition: 2001

III.     Name of case and docket number: Hegwood v. Weis, ETAL 2009

B. Approximate date of filing lawsuit: June 2009

C. List all plaintiffs: Talmon Hegwood, Jr.

D. List all defendants: Jody Weis, City of Chicago

E. Court in which the lawsuit was filed: U.S. Dist. (N.D. Ill.)

F. Name of Judge to whom case was assigned: Honorable David H. Coar

G. Basic claim: Unconstitutional seizure of property

H. Disposition of case: Settled out of court

I. Approximate date of disposition: 2012

GO TO REVERSE, SIDE

3C

III. A. Name of case and docket number: Hegwood v. Carson Pierre Scott 1990 U.S. Dist. LEXIS 4385

B. Approximate date of filing lawsuit: June, 1990

C. List all plaintiff's: Talmon Hegwood, Jr.

D. List all defendants: Carson Pierre Scott

E. Court in which the lawsuit was filed U.S. (Dist. N.D. Ill.)

F. Name of Judge to whom case was assigned: don't remember

G. Basic claim False arrest.

H. Disposition of the case: dismissed

I. Date of disposition: do not recall.

III. A. Name of case and docket number: Smentex v. Sheriff of Cook County 09-cv 529

B. Approximate date of filing lawsuit: 2009

C. List all plaintiffs: class action

D. Sheriff of Cook County

E. Court in which lawsuit was filed: U.S. Dist. (N.D. Ill.)

F. Name of Judge to whom case was assigned: unknown to Hegwood

G. Basic claim: cruel and unusual punishment

H. Disposition of the case settled

I. Approximate date of disposition: 2018

III. Hegwood v. Blanton, Case No. 95 CV 5124 (N.D. Ill.), Hegwood v. Blanton, App. No. 98-3870

III. Hegwood v. Forest Park  Case No. 99 CV 2269 (N.D. Ill.)

III. Hegwood v. Andrews, Case No. 99 CV 2482 (N.D. Ill.)

GO TO REVERSE SIDE

3E.

**III.** List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: _Hegwood v. Rozands, ET Al_

B. Approximate date of filing lawsuit: _September, 1976_

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _Talmon Hegwood_ _Carlton B. Rozands, Sheriff Terrebone Parish_ _Honorable Baron B. Borg, Judge Terrebone Parish_

D. List all defendants: _Charlton R. Rozands, Sheriff of_ _Terrebone Parish Louisiana._ _Honorable Baron B. Borg_ _Judge Terrebonne Parish Louisiana_

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _U.S. District Court New Orleans, LA_

F. Name of judge to whom case was assigned: _Honorable Charles Schwartz_ _U.S. Magistrate Judge Charles Hughes_

G. Basic claim made: _"Cruel And Unusual Punishment"_ _Violation of First Amendment right to file_ _grievances and communicate with Government_

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _The Case was Dismissed, The dismis-_ _sal was Appealed, The U.S. Court of Appeals for_ _the Fifth Circuit REVERSE AND REMANDED_

I. Approximate date of disposition: _See Memorandum Opinion_ _629 F. 2d 1143 (1173) Hegwood v. Rozands_

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

## IV. Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

1. Talmon Hegwood, Jr. Plaintiff herein was at various time and for the relevant time periods mentioned herein a pre-trial detained housed in the custody of defendant TOM DART (Dart) at the Cook County Department of Corrections (CCDOC).

2. Plaintiff contracted the Hepatitis C Virus (HCV) after being forced to accept a Prison Program Job assignment as TRASH COMPACTOR OPERATOR at the Shawnee Correctional Center and was subsequently diagnosed through blood work as carrying the Hepatitis C Virus.

3. Defendants C. Minella (Minella) John M. Nala (Nala) Chad Zawitz (Zawitz) were and or are the Chairs of Correctional Health Administrators and Physicians who wrote, formulated, inacted, approved and/or applied the custom, practice, usage and directive styled "Policy G-02.7, Hepatitis C; for CCDOC pre-trial detainee diagnosed with chronic HCV.

4. Defendants Minella, Nala, Zawitz and another CCDOC physician and Administrator personally adopted and continued the policy promulgated by their predecessors which is antiquated

and allow defendants to select and/or prioritize who should or should not receive treatment for HCV.

5. The Policy, Custom and Practice in existance for treatment of pretrial detainees housed by Dart at CCDOC promulgated, adopted, and approved by defendants Nneka Jones-Tapia Executive Director for CCDOC (Tapia) her successor in office, Dart, Zawitz, Nala, Minella and others caused substantial delay with regards to providing the Plaintiff with minimally adequate medical treatment for his HCV.

6. As a result of the delay in providing Plaintiff with Ribavirin or any other direct antiviral acting drugs (DAAD) for his HCV, Hegwood developed numerous pollyps in his abdomen which Medical Doctors noted were "numerous" and possibly cancerous; and of which subjects Hegwood to the substantial risk of harm, lingering, if not DEATH itself.

7. Hegwood has been forced to endure excruciating pain and suffering in mind body and soul.

8. On or about November 29, 2014, Medical Doctors at MacNeal Hospital (MacNeal) confirmed through toxicology and blood work that Hegwood's chronic HCV had caused kidney disease and iron deficiency anemia.

Revised 9/2007

## IV. Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

"which is likely chronic."

9. Defendant Zawitz fabricated a report falsely stating the substantial delay in providing Heywood with "Ribavirin" as had been prescribed by Dr. MARY M. TOSIOU, M.D on or about November 29, 2014, did not cause Heywood's iron deficiency anemia.

10. A copy of the November 29, 2014 "Assessment and Plan" report from MacNeal confirming Plaintiff's "Hep C" and "likely chronic anemia, is annexed hereto, incorporated herein and made a part hereof as Exhibit A.

11. On or about September 25, 2014, defendant Zawith prepared a report, in response to an INMATE GRIEVANCE submitted to CCDOC officials, which was approved by the supervisory official "Chair" named hereinabove that the "current policy for treatment of Hepatitis C is under review," copy of which is annexed hereto, incorporated herein and made a part hereof as Exhibit B

12. Plaintiff executed documents on August 28, 2015,

4 C

Revised 9/2007

IV.    **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

and on November 30, 2015 consenting to an evasive and very painful surgical procedure in connection with his complaints of severe intermittent physical pain and internal bleeding.

13.    On November 30, 2015 Plaintiff underwent an anestic procedure and colonoscopy at the John H. Stroger Hospital (Stroger) in connection with Plaintiff's HCV. Dr. MELCHOR DEMETRIA prepared a "Patient Report", copy of which is annexed hereto, incorporated herein and made a part hereof as Exhibit C, wherein Dr. Demetria noted that Plaintiff had five (5) colonoscopies or agreed to five different colonoscopy procedures within a relatively short period which subjected Plaintiff to the substantial risk of harm.

14.    Defendants Tapia, Dart, Nale, Minetta, Stadnicki, Davis, Rodriguez, John Doe, Jane Doe engaged in numerous meetings and discussed the policies, customs and practices relating to medical treatment administered to pretrial detainees at the CCDOC including but not limited to HCV.

15.    Dr. D.W. Rivas, M.D. prepared a report; copy of which is annexed hereto, incorporated herein and made a part hereof as

4

Exhibit D stating providing Plaintiff with minimally adequate treatment for his confirmed potentially fatal disease was being delayed "as per CCDOC HCV policy.

16.     On April 8, 2019 defendant Zawitz knowingly, intentionally, deceitfully and maliciously provided fabricated medical records and false oral reports to Lauretta Froelich, assistant to Honorable Kimberly Fox relating to Heywood's physical and mental health. The fabricated reports caused Heywood substantial prejudice.

17.     The Executive Director who succeeded Tapia approved and adopted the policy that detainees must be prove they have been drug free for six (6) months prior treatment for HCV by CCDOC medical staff and that detainees must prove, "a jail stay of 12 months."

18.     Defendants named hereinabove willfully failed to comply with the basic standards of care required by the Center for Disease Control (CDC) relating to medical treatment that is necessary for the CCDOC detainees whom have been diagnosed with HCV

19.     Defendants know that HCV poses a substantial risk of serious harm to Plaintiff and numerous others similarly situated.

20.     A highly effective chemical treatment program for HCV was available in 2014, 2015, 2016, 2017 and 2018, which has been shown to reduce the effects of HCV which includes mental confusion, skin rash, chest pain, blisters, boils, pain, DEATH

Revised 9/2007

and numerous other physical and psychological pain and emotional anxieties too numerous to mention; and even in some cases destroy it.

21. On numerous occasions several of the defendants and/or defendants subordinates have advised Plaintiff treating his HCV was too expensive, "Get you treatment when you get out."

22. The Physician Assistants named hereinabove and employed at the CCDOC masquerade as Doctors and more often than not stand between Hegwood and others similarly situated; which prevent Plaintiff and others from receiving minimally adequate medical treatment for chronic disease and other ailments.

23. On March 23, 2015 Plaintiff submitted an INMATE GRIEVANCE CONTROL # 2015 X 1418, copy of which is annexed hereto, incorporated herein and made a part hereof as Exhibit E that CCDOC Medical personel were not wearing their name tags.

24. In response to Plaintiff's grievance appeal CONTROL# 2015 X 1418 CCDOC officials noted: "Cermak has a policy that all staff, should "make their badges visable." The Jane Doe and John Doe defendants herein have Knowingly, intentionally and deceitfuly ignored CCDOC policy in an effort to delay and/or impede the efficient administration of justice. A copy of the "RESPONSE." to Grievance # 2015 X 1418 is annexed hereto and made a part hereof as Exhibit F

25. Defendant Preckwinkle is the President of the Cook County Board of Commissioners and has the lawful duty and responsibility to approve a monetary budget for Stroger and for the Sheriff of Cook County.

26. Defendant Dart is the Sheriff of Cook County and is charged with the responsibility pursuant to state statutory law of providing for the maintence and care of Hegwood and other CCDOC detainees similarly situated which includes food, clothes and adequate health care.

27. Preckwinkle is directly and indirectly responsible for the pain and suffering Plaintiff was forced to endure in that Preckwinkle failed to approve of funds that would have enabled Dart to fulfill Dart's obligation to provide Hegwood and others similarly situated with DAAD to treat Hegwood's HCV before the disease caused Hegwood's iron deficiency, kidney disease, mental confusion, physical pain and emotional distress.

28. Dart failed to order the CCDOC medical staff to follow the Federal guidelines for treatment of HCV. Hegwood was told verbally and in response to his numerous oral and written request for treatment that "it's too expensive", he must be abstinent from alcohol and illicit drug use for at least 6 months and prove he will be in CCDOC custody "for 12 months or more".

29. Plaintiff was transported to the CORE Clinic in 2014 for tests relating to his HCV. The detainee, CARNELL NELSON who was transported with Plaintiff was treated with DAAD. However,

4G

because Plaintiff exercised his First Amendment rights Plaintiff treat. for his HCV was deferred

30. Defendants refusal to treat Plaintiff without substantial delay subject him to cruel and unusual punishment in violation of his rights that were clearly established in 2014, 2015, 2016, 2017 and 2018.

31. Plaintiff has exausted all available administrative remedies in that he submitted more than 150 Inmate Grievances and Appeals to CCDOC officials.

32. Dr. Dhruvesh Patel, M.D., recognized that Hegwood's intermittent severe chest pain and shortness of breath was the result of the inordinate delay in treatment for Plaintiff's HCV and on August 24, 2018, the Physicians at one of the most prestigious University Medical Center prepared decided to ... recommend that Mr. Hegwood receive testing for Hep C ... and adequate treatment ... with (DAAD).

33. Numerous individuals have expired from HCV whose Fibrosis level was diagnosed as chronic HCV F-1.

34. On numerous occasions Plaintiff's blood pressure has registered exceedingly high, and he was in danger of stroking out. Plaintiff collapsed and fell to his Knees many times which caused permanent scarring.

35. Defendants John Doe is a physicians assistant at CCDOC and Knowingly, intentionally inserted Known false

information in Plaintiff records compiled by Health Care staff at CCDOC. The fabricated report concerns HCV and falsely contend Hegwood "refused" medical assistance and "walked out" of the Division 6 Dispensary.

36. Division 6 Dispensary is secure and closely monitored. All detainees are escorted to and from the Division 6 Dispensary. No detainee can "walk out" without permission from staff and an escort.

37. CCDOC detainees with chronic diseases and contagious diseases such as HIV, Hep. A, B, and C may not "REFUSE" treatment and remain in general population.

38. In retaliation for exercising First Amendment rights to submit valid and non-frivolous complaints Jane Doe and others who acted in collusion with the defendants have repeatedly asserted false information in Plaintiff's medical records. On November 27, 2018 Jane Doe falsely inserted that Hegwood "REFUSED" his life sustaining medication. Hegwood was in Court on November 27, 2018.

39. Plaintiff has been singled out and subjected to "cruel and unusual punishment", and treatment for his HCV was deferred for no reason other than Plaintiff's political beliefs, to prevent him from practicing his religion and costs and CCDOC's unconstitutional POLICY,

40. Plaintiff wrote at least two (2) letters to defendant Minella respectfully requesting treatment for HCV. The letters were received by Minella, however defendant Minella failed to respond.

41. Plaintiff was afforded the opportunity and did, in fact, converse personally with defendant Dart about treatment for Plaintiff's HCV and; Dart accepted a copy of medical documentation prepared by defendant Zawitz, confirming Plaintiff's chronic HCV.

42. Dart was directly and indirectly responsible for the promulgation of the POLICY relating to HCV in place at the CCDOC in 2014, 2015, 2016, 2017 and 2018.

43. CCDOC policy makers and the CCDOC officials who approve the POLICY relating to HCV, HIV and other chronic diseases have knowingly, intentionally and willfuly failed to update the Cermak Health Services of Cook County Health Service Request Forms utilized by CCDOC detainees to include and/or indicate detainees have a right to be "screened", evaluated and/or tested for HCV.

44. HCV has been Known to cause mental confusion.

## V. Relief:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

WHEREFORE, the Plaintiff prays for injunctive relief in the form of an ORDER to discontinue employment of the Protocol, Policy, Custom and Practice of systematic delay and/denial of medications and treatment for Hepatitis C, if not a CURE with Drugs approved by the CDC and FDA. Plaintiff also pray for a declaration that defendants violated his rights secured by the 8th and 14th Amendments to the U.S. Constitution. Plaintiff pray for damages both compensatory and punitive in the amount of $2,000,000. with interest from the date the case was filed.

VI.     The plaintiff demands that the case be tried by a jury.  ☒ YES   ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _____ day of **April** , 20 **19**

_____

_Talmon Hegwood J._
(Signature of plaintiff or plaintiffs)

Talmon Hegwood, Jr.
(Print name)

2018071110l
(I.D. Number)
Division 6, 2-H

Post Office Box 089002

Chicago, IL 60608
(Address)

SUBSCRIBED AND SWORN TO before me, this the 16th day of April 2019.

_Melliat Ga_
NOTARY PUBLIC

"OFFICIAL SEAL"
M EAR
Notary Public, State of Illinois
My Commission Expires 1/15/2020

6

Revised 9/2007

Mac Neal Hospital

HEGWOOD, TALMON
66Y DOB 3/14/1948 Male EMR E
Dr. EMERGENCY MD, ED
Adm:11/29/14 MAC NEAL
Act:00049433220

## Internal Medicine Service Resident Admit H&P

| EKG: sinus bradycardia (also noted in 2008). No ST changes. | CT: none |
|---|---|
| CXR: nodule or mass along the medial left hemidiaphragm that shows central calcification. Crowded vessels in lower lungs suggest atelectasis. | |

**Assessment and Plan:** 66 y/o M with PMH of HTN, Asthma, Seizure disorder, and Hep. C presented with intermittent chest pain for the past 2 days.

1) **Atypical chest pain** – EKG shows sinus bradycardia. Troponin not elevated. Repeat troponins x2. F/u with D-Dimer. EKG, Lipid panel, stress test and 2D-Echo in AM.
2) **Anemia** – likely chronic. No active signs of bleeding. CTM.
3) **HTN** – continue with Enalapril and HCTZ.
4) **Asthma** – continue with Albuterol sulfate.
5) **Seizure disorder** – continue with Dilantin.
6) **Hepatitis C** – scheduled to start Ribavirin as an outpatient.
7) **PPX** – SQ heparin.
8) **FEN** – NPO after midnight.
9) **Disposition** – admit to GMF-Telemetry. Case discussed with Dr. Qureshi.

Resident Signature: _____ Print Name: Mayank Bhavana Date: 11/29/14 Time: 9:30pm

**Teaching Attending:** I personally saw the patient and independently performed key elements of the history and physical exam and discussed the assessment and management with the resident. I reviewed the resident's documentation and agree. Additionally:

Attending Signature: _____ Print Name: _____ Date: _____ Time: _____

PRINTED BY: V2MRUBALCA

DATE 2/5/



1HP

AMENDED COMPLAINT
Exhibit A

# COOK COUNTY HEALTH & HOSPITALS SYSTEM



**Toni Preckwinkle • President**
Cook County Board of Commissioners

**Warren L. Batts • Chairman**
Cook County Health & Hospitals System

**Jorge Ramirez • Vice-Chairman**
Cook County Health & Hospitals System

**Ram Raju MD, MBA, FACS, FACHE • CEO**
Cook County Health & Hospitals System

**Health & Hospitals System Board Members**
Dr. David A. Ansell
Commissioner Jerry Butler
David N. Carvalho
Quin R. Golden
Benn Greenspan
Sr. Sheila Lyne
Dr. Luis R. Muñoz
Heather E. O'Donnell
Ruth M. Rothstein

9/25/14

Your serology from Stroger Hospital shows you do <u>not</u> have Hepatitis B. You have <u>immunity</u> to Hepatitis B.

The current policy for treatment of Hepatitis C is under review.

If you meet policy criteria, your primary care provider may refer you for evaluation for possible eligibility for Hepatitis C treatment.

Zawiz, MD

• Ambulatory & Community Health Network • Cermak Health Services • Cook County Department of Public Health •
• John H. Stroger, Jr. Hospital • Oak Forest Health Center • Provident Hospital • Ruth M. Rothstein CORE Center •

We Bring Health**CARE** to Your Community

AMENDED COMPLAINT Exhibit P

# John H. Stroger Jr. Hospital of Cook County
## Patient Report

11/30/2015

**TALMON HEGWOOD**
**MRN-2081283**

Dear TALMON HEGWOOD:

You have undergone a Colonoscopy procedure performed by Dr. Melchor Demetria. **The conclusions and recommendations from the procedure include the following:**

**Impressions:**

* Incomplete colonoscopy. Large quantity of semi-solid and thick-liquid stool was found throughout the colon.
* Colonoscope was advanced to likely the transverse colon before aborting the procedure.



Please note the potential after effects documented in the Discharge Instructions provided for this procedure.

**Recommendations:**

* Repeat colonoscopy recommended under MAC anesthesia. March 23rd, 2015 at 9AM in Clinic R.
* **This will be the patient 5th repeat procedure. Please follow the following directions carefully.** Avoid fruits, vegetables, and fiber 4 days before the procedure.
* Clear liquid diet for 48 hours prior to procedure.
* Give ducolax 2 tabs in the morning the day before the procedure.
* Give Golytely 2 gallon as directed. Take 1 gallon between 5-9PM on night before procedure, then 1 gallon morning of procedure from 5-7AM.
* Follow-up appointment with referring physician in 4-6 week.

AMENDED COMPLAINT Exhibit C

# John H. Stroger Jr. Hospital of Cook County
## Patient Report

08/28/2015

**TALMON HEGWOOD**
**MRN-2081283**

Dear TALMON HEGWOOD:

You have undergone a Colonoscopy procedure performed by Dr. BENJAMIN GO. **The conclusions and recommendations from the procedure include the following:**

**Impressions:**

- Stool was found throughout the entire colon.
- A single sessile 7mm polyp was found in the hepatic flexure (211.3); removed by cold snare polypectomy.
- Large colonic mass, with positive pillow sign, most likely a lipoma, was seen just distal to the hepatic flexure.
- A single pedunculated 8mm polyp with a long stalk was found in the colon; Saline was injected to raise the polyp prior to removal. Removed by snare cautery polypectomy. x3 clips were applied to control bleeding.
- Innumerable sessile polyps was found in the sigmoid colon (211.3); some but not all were removed by cold snare polypectomy.



stool in colon     ICV     hepatic flexure polyp

colonic sign     + pillow sign     previous tattoo site ~20cm



polyp at 20cm     s/p polypectomy     s/p x3 hemoclips at 20cm



numerous polyps in sigmoid

Please note the potential after effects documented in the Discharge Instructions provided for this procedure.

**Recommendations:**

- Follow-up on the results of the biopsy specimens.
- Follow up in GI clinic, clinic F, on 9/22/15 with Dr. Hahm at 3pm.
- A repeat colonoscopy is recommended due to both persistent poor prep as well as numerous polyps that were not removed.
- In case of nausea, vomitting, abdominal distension, fever, bleeding or inability to pass gas, please come to the Emergency Room.

Reports of your procedure and these recommendations have been sent to:

- None

If specimens were taken during your procedure, they may take several days to be analyzed. Call your doctor's office in ten days if you have not received your results.

Recommendations on this form were provided to the patient or patient representative.

BENJAMIN GO, M.D.

Reports of your procedure and these recommendations have been sent to:

* None

If specimens were taken during your procedure, they may take several days to be analyzed. Call your doctor's office in ten days if you have not received your results.

Recommendations on this form were provided to the patient or patient representative.

Melchor Demetria, M.D.

Patient Name: HEGWOOD, TALMON
Patient Type: n/a
Birth Date: 3/13/1948
Gender: Male
FIN: n/a

Admission Date: n/a
Discharge Date: n/a

MRN: 002081283c; 00245990z

CMRN: 1007234650

## GI Outpt

attempted referral to ER but we were told it was against the policy and that the patient needed to be evaluated by Cermak physician prior to ER referral.

To see neurology for seizure evaluation treatment prior colonoscopy on 9/15/17 at 8:30 am at the Neurology clinic with Dr. Ghode - prior colonoscopy appointment was cancelled by anesthesia on 3/26/16 due to low dilantin level and hx of seizure.

EGD/colonoscopy scheduled for 9/21/17 - he needs extended bowel preparation: four days of no fruits or vegetables or fibers, two days of clear liquids, golytely 1 gallon form 5-9 PM the day before the test and 1/2 gallon from 3-5 am on the day of the procedure, bisacodyl 10 mg by mouth at bedtime.

Cermak physician to re evaluate patient.

Oscar Rivas, GI attending, pager 312-333-1887

*Electronically Authored On: 24-Aug-17 13:53*
*Electronically Signed By: NGUYEN MD, ALEXANDER*
 *SH - Gastroenterology - Resident*
 *PGR: 312-323-0170*

*Signed On: 24-Aug-17 14:27*
*Associated Provider: NGUYEN MD, ALEXANDER*
 *SH - Gastroenterology - Resident*
 *PGR: 312-323-0170*

*Electronically Signed On: 24-Aug-17 16:30*
 *RIVAS CHICAS MD, OSCAR A*
 *PAGER BUS: 312 333 1887*

## Neurology Outpt

Document Type:
Service Date/Time:
Result Status:
Perform Information:
Sign Information:

Neurology Outpt
9/15/2017 09:43 CDT
Auth (Verified)
GHODE MD,REENA (9/15/2017 10:05 CDT)
GHODE MD,REENA (9/20/2017 13:53 CDT)

**Neurology Outpatient General**

Patient: **HEGWOOD, TALMON**    MRN: **002081283c**    FIN: **0789378593**

Report Request ID: 50367118

Page 17 of 298

Facility: n/a
Location: n/a

CONFIDENTIAL: If the reader of this report is not the intended recipient, or the employee or agent responsible, you are hereby notified that any reading, dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify the appropriate party immediately.

AMENDED COMPLAINT Exhibit D1 of 2

Patient Name: HEGWOOD, TALMON
Patient Type: n/a
Birth Date: 3/13/1948
Gender: Male
FIN: n/a

Admission Date: n/a
Discharge Date: n/a

MRN: 002081283c; 00245990z

CMRN: 1007234650

---

## GI Outpt

HCV genotype 1b
HBV immune from previous infection,
HBsAg negative
HBcAb +
HAV immune

HCV quantitative 2600184

US liver 10/14 Parenchymal liver disease, no focal lesions

A/P:

# IDA and dark stools - numerous polyps on colonscopy, needs repeat with better prep
**- procedure was cancelled because of low dilantin level - patient needs to see neurologist prior to colonoscopy. He will need another two day prep prior to this colonoscopy.**
**- repeat c-scope with extended bowel preparation: 2 days of clear liquids and 2 gallon prep. (under GA)**
- PPI daily

# HCV
-per cermack HCV policy

#hemoptysis and chest pain.
reports hemoptysis for 10 days but appears well today with stable vitals and exam. cardiology saw patient recently.
REcommend follow up with Cardiology. Had planned to send patient to ED but per cermack policy has to be evaluated by cermack. Recommend CXR to follow

#scabies/itching/pincher bug in ear.
Patient states was evaluated by psych. Recommend follow up and treatment for scabies at facility

#seizure.
Patient will need referral to neurology for followup of seizure history prior to colonoscopy

DW Dr. Rivas for Dr. Attar (tuesday patient)

**GI attending addendum.**
I have discussed the case with Dr. Nguyen, GI fellow , I have participated in the management of this patient. I agree with Dr. Nguyen's assessment and plan as detailed above that was formulated after discussing the case directly with me. Patient with IDA and prior colonoscopy with poor prep, needs repeat colonoscopy with extended bowel preparation under MAC/GA. Will repeat EGD at that time he had small EV seen in last EGD from 2015. He has HCV but no biochemical evidence of cirrhosis or imaging evidence of cirrhosis based on last US. His last fibroscan in 2015 was f0-f1. Will obtain liver US with dopplers. He is naturally immune to HBV, immune to HAV. He is in Cermak and we are differing the HCV treatment as per HCV policy. He had multiple other complaints today. including chest pain and we

---

CONFIDENTIAL: If the reader of this report is not the intended recipient; or the employee or agent responsible, you are hereby notified that any reading, dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify the appropriate party immediately.

AMENDED COMPLAINT Ex D2of2

THIS IS NOT A REQUEST. THIS IS AN EMERGENCY GRIEVANCE. CODE 999

## COOK COUNTY SHERIFF'S OFFICE
(Oficina del Alguacil del Condado de Cook)

## INMATE GRIEVANCE FORM
(Formulario de Queja del Preso)

☐ GRIEVANCE    ☐ NON-GRIEVANCE (REQUEST)

024599 0    2015K 1418

CONTROL #

!This section is to be completed by Program Services Staff - ONLY!

**GRIEVANCE FORM PROCESSED AS:**

☐ EMERGENCY GRIEVANCE
☑ GRIEVANCE
☐ NON-GRIEVANCE (REQUEST)

Program Services Supervisor Approving Non-Grievance (Request) Signature

**REFERRED TO:**

☑ CERMAK HEALTH SERVICES
☐ SUPERINTENDENT:
☐ OTHER:

### INMATE INFORMATION (Información del Preso)

| PRINT - INMATE LAST NAME (Apellido del Preso): | PRINT - FIRST NAME (Primer Nombre): | ID Number (# de Identificación): |
|---|---|---|
| HEGWOOD | Talmon | 20141203076 |
| DIVISION (División): Z | LIVING UNIT (Unidad): Dorm 2-M | DATE (Fecha): 03/23/15 |

### INMATE'S BRIEF SUMMARY OF THE COMPLAINT (Breve Resumen de la Queja del Preso)

* An inmate wishing to file a grievance is required to do so within 15 days of the event he/she is grieving.
* Inmate Disciplinary Hearing Board decisions cannot be grieved or appealed through the use of an Inmate Grievance Request / Response / Appeal Form.
* When a grievance issue is processed as a NON-GRIEVANCE (REQUEST), an inmate may re-submit the grievance issue after 15 days to obtain a "Control Number" if there has been no response to the request or the request is deemed unsatisfactory.

* Un preso que desea llenar una queja, se le requiere que lo haga dentro de los 15 días después del incidente.
* Las decisiones del Comité Disciplinario de los preso, no podrán ser cuestionados o apeladas a través del uso del Formulario de Quejas / Respuesta / Forma de Apelación.
* Cuando una queja se procesa como una QUEJAS NO (PETICIÓN), un preso podría re-someter una Queja después de los 15 días para recibir un "Número de Control" ya sea porque no hay una respuesta o porque la respuesta es insatisfactoria.

PLEASE INCLUDE: | Date of Incident | Time of Incident | Specific Location of Incident
(Por Favor, Incluya:) | Fecha Del Incidente | Hora Del Incidente | Lugar Específico Del Incidente

This detainee has repeatedly requested that all medical personel at the ccboc be required to display his or her name and title, revealing their functions. For example, Doctor, Physician Assistant, Psychologist, "Bone Worker" "Nurse", Lab Technician, etc. Such is absolutely necessary partialarly in light of the fact the State's Attorney's office recently discovered that Barbara Davis (Davis) is not a Doctor. Upon information and belief Davis is directly and indirectly responsible for the Death of former ccboc detainee Daniel Parades ID Number 2014006777. Yesterday, former ccboc detainee Anthony Upchurch was discharged and died; and it is believed his death is the inescapable result of ccboc's failure to provide the late detainee with minimally adequate treatment for his Hiv. Both detainees Parades and Upchurch died shortly subsequent to release from ccboc. As a matter of fact Parades fell dead on the ccboc compound.

ACTION THAT YOU ARE REQUESTING (Acción que esta solicitando):

Effectively implement a policy requiring each ccboc employee to display his/her name, and title. That may very well reduce the maltreatment of ccboc detainees.

NAME OF STAFF OR INMATE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:
(Nombre del personal o presos que tengan información): Sheriff Tom Dart, John Mueller, Teressa Oleson, Tony Preckwinkle, "Dr." Davis, State's Attorney

INMATE SIGNATURE (Firma del Preso): Talmon Hegwood

SUPERINTENDENTS / DIRECTORS / DESIGNEES OF A DIVISION/UNIT MUST REVIEW AND SIGN ALL GRIEVANCES ALLEGING STAFF USE OF FORCE, STAFF MISCONDUCT, AND EMERGENCY GRIEVANCES. IF THE INMATES GRIEVANCE IS OF A SERIOUS NATURE, THE SUPERINTENDENT MUST INITIATE IMMEDIATE ACTION.

| CRW / PLATOON COUNSELOR (Print): N. Jones | SIGNATURE: N. Jones | DATE CRW/PLATOON COUNSELOR RECEIVED: 3/23/15 |
|---|---|---|
| SUPERINTENDENT / DIRECTOR / DESIGNEE (Print): | SIGNATURE: | DATE REVIEWED: |

AMENDED COMPLAINT Exhibit E

FCN-47 (Rev. 09/14)    WHITE COPY - PROGRAM SERVICES    YELLOW COPY - CRW / PLATOON COUNSELOR    PINK COPY - INMATE

CC: DOJ, FBI, IRS, CBS, SunTimes, Northwestern, Heller Holmes + Associates

## COOK COUNTY SHERIFF'S OFFICE
(Oficina del Aguacil del Condado de Cook)

### INMATE GRIEVANCE RESPONSE / APPEAL FORM
(Petición de Queja del Preso/Respuesta/Forma de Apelación)

CONTROL #: **2015X1418**

### INMATE INFORMATION

INMATE LAST-NAME (Apellido del Preso): **Henwood**

INMATE FIRST NAME (Primer Nombre): **Talman**

ID Number (# de identificación): **2 0141203076**

### GRIEVANCE / NON-GRIEVANCE (REQUEST) REFERRAL & RESPONSE

EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFETY OF INMATE(S)

CRW/PLATOON COUNSELOR'S SUMMARY OF THE COMPLAINT:
**ODD - Misc.**

IMMEDIATE CRW/PLATOON COUNSELOR RESPONSE: (if applicable):

CRW/PLATOON COUNSELOR REFERRED THIS GRIEVANCE/REQUEST TO (Example: Superintendent, Cermak Health Services, Personnel): **Cermak**

DATE REFERRED: **3/24/15**

RESPONSE BY PERSONNEL HANDLING REFERRAL:
**Cermak has a policies and procedures that all staff should make their badges visible at all times and it does fully implement it. If badge becomes obstructed from view, a request**

PERSONNEL RESPONDING TO GRIEVANCE (Print): **A.N**

SIGNATURE:

DIV./DEPT.:

DATE: **4/2/15**

*(right margin, vertical)* can be made for it to be seen.

Superintendents of a division/unit must review all responses to grievances alleging staff use of force, staff misconduct and emergency grievances.

SUPERINTENDENT/DIRECTOR/DESIGNEE (Print):

SIGNATURE:

DIV./DEPT.:

DATE: / /

NON-GRIEVANCE (REQUEST) SUBJECT CODE (Check applicable box):
☐ GRIEVANCE SUBJECT CODE: ___
☐ NON-GRIEVANCE SUBJECT CODE: ___

INMATE SIGNATURE (Firma del Preso): *[signature]*

DATE RESPONSE WAS RECEIVED: (Fecha en que la respuesta fue recibida): **04/14/15**

### INMATE'S REQUEST FOR AN APPEAL : Solicitud de Apelación del Preso

\* To exhaust administrative remedies, appeals must be made within 14 days of the date the inmate received the response.

\* Las apelaciones tendrán que ser sometidas dentro del los 14 días; a partir que el preso recibió la respuesta para agotar todas las posibles respuestas administrativas.

DATE OF INMATE'S REQUEST FOR AN APPEAL: (Fecha de la solicitud de la apelación del detenido): **07/14/15**

INMATE'S BASIS FOR APPEAL: (Base del detenido para una apelación:) **The Medical staff should be advised that assuming a detainee desires to file a meritorious and valid civil rights action, he/she does not need the staff member's complete name. It can be ascertained during discovery. See Campbell v. Ill. Dept. of corrections 904 F. supp. 1173 (NP Ill 2004) Tucket V. Port 2014 v.s Dist. 302. is. Please note that if a staff displays name, time and if one does not he/she should be disciplined.**

ADMINISTRATOR/DESIGNEE'S ACCEPTANCE OF INMATE'S APPEAL?
(¿ Apelación del detenido aceptada por el administrador o/su designado(a)?)
Yes (Si) ☐   No ☑

ADMINISTRATOR/DESIGNEE'S DECISION OR RECOMMENDATION: (Decisión o recomendación por parte del administrador o/su designado(a):)
**thank you refer to original response**

ADMINISTRATOR/DESIGNEE (Administrador o/su Designado(a)): **Susan Shebel**

SIGNATURE (Firma del Administrador o/su Designado(a):): **Susan Shebel RN**

DATE (Fecha): **4/30/15**

INMATE SIGNATURE (Firma del Preso): *[signature]*

DATE INMATE RECEIVED APPEAL RESPONSE (Fecha en que el preso recibió respuesta a su apelación): **05/12/15**

AMENDED COMPLAINT Exhibit F

Name: Talmon Heyward
ID#: 2018-0711d
Div.: 6    Tier: 1L
P.O. Box 089002
Chicago, IL 60608

NEOPOST                    PRIORITY MAIL
05/22/2019
US POSTAGE $008.75⁰

ZIP 60608
041M11297257

05/28/2019-43

2019 MAY 28  AM 8:22



INSPECTED BY THE
UNITED STATES
MARSHALS SERVICE

Honorable Thomas G. Bruton
Clerk of Court
United States District Court
219 South Dearborn Street
Chicago, IL 60604

LEGAL MAIL